Mr. Chief Justice Shame y
delivered the opinion of the court.
A motion was made in the circuit court of Hinds county, to direct the sheriff to apply money made by executions.
Both the appellants and appellee had obtained judgments *235 against one Thomas J. Smith, and executions were issued, and property sold under both. The judgments were both taken by default on the same day; the executions were issued on the same day, and were levied on the same day, on the property sold.
The execution in favor of the appellees, was received by the sheriff before the other, and their judgment was first entered on the minutes, and this circumstance constitutes the only difference between them.
The only question, therefore, is, did the judgment first entered on the minutes obtain a priority of lien? Under our statute making a judgment a lien, the question would present no difficulty, if the judgments had not been taken by default, which makes it necessary to inquire whether such a judgment is to operate as a lien from the time it is entered on the minutes of the court, or from the last day of the term, at which time it is declared to be final.
The several dockets, a book for recording the minutes of proceedings, and the final record book, contain all the written evidences of the causes and proceedings thereon in the circuit courts, being all that the law requires them to keep.
In the minute book, the clerk is required to enter all the orders, proceedings and judgments of the court, and to the end that any error may be corrected, they are to be read in open court, and the errors, if any, being corrected, they are to be signed by the court, at the next sitting, after they have been entered. All judgments on verdicts, unless suspended by motion, and judgments by default, should be entered upon the minutes when the verdict is returned or default taken, and being so entered, they become matters of record; for the law requiring the court to keep a minute of its proceedings, on which they are all to be entered, and signed, and prescribing no other mode for entering or perfecting judgments, necessarily attaches to the minutes, the solemnity of a record. A complete record of the cause is to be made up by the clerk, in a book to be kept for that purpose, within three months after the determination. Revised Code, 141. But this record cannot give any additional force or efficacy. The entry on the minutes being the true date of the judgment.
The act of 1824, page 106, makes the judgment a lien from the *236 time of entering it, and in the case of Biggam v. Merritt, Walker’s Reports, 130, the court determined, and I think correctly, that it was proper, under this same act to inquire into the fraction of a day, for the purpose of determining the priority of judgment liens.
The statute, Revised Code, 130, makes judgments by default, not set aside, during the term at which they are entered, final on the last day of the term, and executions may issue thereon That a judgment so taken can be set aside, on the showing of the defendant, is a mere privilege to him, and does not affect the validity of the judgment itself. It does not derive its binding force and efficacy from the expiration of the last day of the term, but from the consideration of the court on prima facie evidence, of a certain state of facts, that the plaintiff is entitled to recover the amount claimed, and even if it be but an interlocutory or conditional judgment, and only becomes absolute by operation of law, that absolute character is derived from the entry on the record, and must relate back to the time when it was so entered; it being but' an entire thing. The party was not bound to wait until the last day of the term, to enter his judgment after default made, but had a right to it at the expiration of the rule to plead, the amount claimed being a specific sum. 3 Black. Com., 397, and note; 4 Term Reports, 195. If, then, the judgment in this instance, derived its validity and binding force from the rendition and entry of it on the record, must it not operate as a lien from that time? This must be the meaning of the act of 1824, when it says that “ property shall be bound from the time of entering” the judgment. The time of entering the judgment must be when it is placed upon the minutes of the court. The case of Waterman v. Haskin, 11 J. R., 228, is very similar to this; but a difference exists in the statutory regulation, which, in that case placed the judgments on an equal footing, although one was docketed before the other. They became a lien from the time of “ filing the record of judgment,” and both were filed on the same day, it not appearing which had been filed first.
The executions in these cases, were both equally instrumental in producing the money claimed, neither being entitled to a pre *237 ference in this respect, but as the judgment in favor of the appel-lees was first entered, it became the first operative lien,- and Avas entitled to be first satisfied, and the court Avas correct in so ordering.
The judgment must be affirmed, and the sheriff directed to pay over the money accordingly.